# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVIER AZUL LOPEZ : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 17-179 |
| EDGE INFORMATION MANAGEMENT, : | |
| INC. : | |
| : | |
| **Defendant.** : | |

Jones, II    J.                                                                                                  February 26, 2018

## MEMORANDUM

Plaintiff Javier Azul Lopez brings the above-captioned action against Defendant credit reporting agency, Edge Information Management, Inc., alleging various violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Defendant either negligently or willfully included false information in Plaintiff's background report and failed to disclose the sources of the false information. Plaintiff purports to represent a class of consumers who were harmed through similar violations of the FCRA, and brings collective action claims on behalf thereof. Currently before the Court is Defendant's Motion to Dismiss Counts I and II of Plaintiff's Amended Complaint, or in the Alternative, to Dismiss or Strike Plaintiff's Class Claims. For the reasons set forth below, Defendant's Motion is granted in part and denied in part, as outlined herein.

### FACTUAL BACKGROUND

The following facts are presented in the light most favorable to Plaintiff. Plaintiff completed an employment application with AutoZone Parts, Inc. ("AutoZone") sometime in April 2015. (ECF No. 18, ¶ 24.) Soon thereafter, Plaintiff participated in the first of two

1

interviews with AutoZone managers. (ECF No. 18, ¶ 24-25.) During this first interview, Plaintiff authorized AutoZone to obtain and review Plaintiff's background report. (ECF No. 18, ¶ 24.) The report was not complete as of the second interview, which Plaintiff believed had gone well. (ECF No. 18, ¶ 25.)

Defendant conducted Plaintiff's background check at AutoZone's behest. (ECF No. 28, ¶ 26.) As part of their services, Defendant obtains and compiles criminal history and other public record information about its subjects from third party vendors. (ECF No. 18, ¶ 10.) The final report Defendant submitted to AutoZone inaccurately reported that Plaintiff had been convicted of a number of both misdemeanor and felony offenses. (ECF No. 18, ¶ 27.) The reported criminal record was actually that of Plaintiff's father, with whom Plaintiff shares a name and address. (ECF No. 18, ¶¶ 28, 34, 36.)

Plaintiff attributes the reporting errors to Defendant's failure to compare Plaintiff's date of birth and social security number – all information accessible to Defendant – to that of Plaintiff's father. (ECF No. 18, ¶¶ 16, 34-36.) A cross compairison of Plaintiff and his father's respective birthdates and social security numbers would have exposed the factual discrepancies and presumably prevented the inclusion of Plaintiff's father's information in Plaintiff's background report. (ECF No. 18, ¶ 34.)

AutoZone stopped the onboarding process upon reciept of Plaintiff's inaccurate background check, and Plaintiff was not hired. (ECF No. 18, ¶ 29.) After not hearing from AutoZone, Plaintiff contacted AutoZone management to inquire as to the status of Plaintiff's employment application. (ECF No. 18, ¶ 30.) AutoZone referred Plaintiff to Defendant, and supplied Plaintiff with Defendant's contact information. (ECF No. 18, ¶ 30.) Plaintiff contacted Defendant and "requested the information contained in [Plaintiff's] consumer file." (ECF No. 18,

¶ 31.) Defendant sent Plaintiff a copy of the background report, as submitted to AutoZone. (ECF No. 18, ¶31.) Defendant did not send the names of the third party sources from which Defendant obtained Plaintiff's information, or any other information that may have been in Plaintiff's consumer file. (ECF No. 18, ¶ 31-32.) [1]

Roughly three months after Plaintiff received his background report from Defendant, Plaintiff's counsel formally challenged the accuracy of the content contained therein. (ECF No. 18, ¶ 33.) Defendant responded by informing Plaintiff's counsel that Defendant contacted its third party sources, revised its report of Plaintiff's background, and sent a revised copy of the report to AutoZone. (ECF No. 18, ¶ 41.) Defendant's response letter went on to say that "[u]pon request, [Defendant] will provide the description of the procedure used to determine the accuracy and completeness of the disputed information in [Plaintiff's] report, including the business name and address of any furnisher of information contacted in connection with such information." (ECF No. 21, ex. 1.) By the time the revised report was complete and sent to AutoZone, it was too late for Plaintiff to be considered for employment. (ECF No. 18, ¶ 42-43.)

Based on the foregoing, Plaintiff initiated the instant action seeking actual, statutory, and punitive damages for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). (ECF No. 18.) In the Amended Complaint, Plaintiff alleges that Defendant's violations of the FCRA are systemic and have impacted a class of consumers, on behalf of whom Plaintiff advances class claims. (ECF No. 18, ¶ 47-53.) Defendant timely filed its Motion to Dismiss Counts I and II of the Amended Complaint, or in the Alternative, to Dismiss or Strike the Class Claims, which the Court considers herein. (ECF No.. 21.) Presently before the Court is

---

[1] Plaintiff alleges that Defendant did not furnish Plaintiff with his "full [consumer] file," but fails to identify what more Defendant should have sent to Plaintiff beyond the third party databases from which Defendant obtained the information contained in Plaintiff's report. (ECF No. 18, ¶ 31–32.)

the Amended Complaint (ECF No. 18), Defendant's Motion (ECF No. 21), Plaintiff's Response in Opposition (ECF No. 24), and Plaintiff's Notice of Supplemental Authority (ECF No. 25). Upon consideration of all the foregoing and for the reasons that follow, Defendant's Motion is granted in part and denied in part as outlined below.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in Bell Atl. Corp. v. Twombly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). This standard asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Accord Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

## DISCUSSION

The FCRA was created "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010) (citing S. Rep. No. 91-517, at 1 (1969)). In furtherance of said goal, the FCRA requires that "consumer reporting agencies adopt reasonable procedures for meeting the

needs of commerce…with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." 15 U.S.C. § 1681(b). Sections 1681n and 1681o impose civil liability on credit reporting agencies – like Defendant, here – for negligent or willful violations of the FCRA. Pursuant thereto, Plaintiff seeks compensatory and punitive damages for what Plaintiff alleges to be negligent and/or willful violations by Defendant of Sections 1681e and 1681(g) of the FCRA.

I.   **Plaintiff's Claims under 15 U.S.C. § 1681e(b)**

   A.   Individual Claim

In Count I of the Amended Complaint, Plaintiff alleges that Defendant failed to act reasonably in the preparation of the background report furnished to AutoZone, in violation of 1681e(b). (ECF No. 18, ¶ 34.) Section 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Id. § 1681e(b). Defendant's sole challenge to Plaintiff's individual Section 1681e(b) claim is a purported failure to specifically allege a practice or policy by Defendant that violates the FCRA. (ECF No. 21, p. 8.) This Court finds such argument wholly unpersuasive.

Throughout the Amended Complaint, Plaintiff makes repeated and specific reference to the exact policy Plaintiff faults for the inaccuracies in his background report – Defendant's failure to match a given subject's social security number and date of births to the public record information furnished by the third party information databases. (ECF No. 18, ¶ 34-36.) And in the Third Circuit, a credit reporting agency's failure to compare publicly accessible information to a consumer's information can satisfy even the strictest standards for liability under Section 1681e(b). Cortez, 617 F.3d at 710–11 (upholding a finding of Section 1681e(b) liability where

5

the defendant-agency failed to compare the consumer's birthdate and middle name to the subject of the public records the agency accessed). It is unclear what more Defendant expects Plaintiff to know about the specific policies employed at the defendant agency without the benefit of discovery. Thus, at this early juncture, the Court is satisfied with the specificity with which Plaintiff pleads the allegedly unreasonable policy underlying his FCRA claim. Having rejected Defendant's sole argument in favor of dismissal of Plaintiff's individual 1681e(b) claim, the Court now considers the sufficiency of the pleadings to support Plaintiff's Section 1681e(b) class claim.

  B. <u>Class Claim</u>

Plaintiff's Section 1681e(b) class claim is dismissed as insufficiently pled. While, as noted above, Plaintiff adequately identifies the alleged policy responsible for Defendant's inaccurate reporting of Plaintiff's criminal history, Plaintiff fails to allege if and how this policy impacted any other consumer. Instead, Plaintiff merely characterizes the discrepancies in his report as indicative of a "systemic" problem. (ECF No. 18, ¶¶ 1, 15-16.) The record is bereft of any facts to support that contention. That Defendant "sells thousands of consumer reports on consumers each year," is not, itself, sufficient to allege that any one of said consumer reports contained the inaccuracies of Plaintiff's report, or that any consumer suffered as a result of Defendant's failure to cross match birthdates and social security numbers. It would appear that Plaintiff wants this Court to assume Defendant's allegedly unreasonable practices *necessarily* harmed an unidentified class of consumers. This Court is unwilling to make such a conclusory leap. Defendant's Motion is granted as it relates to Plaintiff's Section 1681e(b) class claim.

II. **Plaintiff's Claims under 15 U.S.C, § 1681g(a)**

Section 1681g(a) of the FCRA states in relevant part: "[e]very consumer reporting agency shall, *upon request*…clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request…(2) The sources of the information." 15 U.S.C. § 1681g(a) (emphasis added). In Count II of the Amended Complaint, Plaintiff alleges that Defendant violated Section 1681g(a) by failing to disclose the sources of the misinformation included in Plaintiff's background report when Plaintiff "requested the information contained in [Plaintiff's] consumer file." (ECF No. 18, ¶¶ 31-2, 60.) Upon thorough review of the pleadings, this Court finds that Plaintiff fails to plead any violation by Defendant of either Section 1681g(a)(1) or Section 1681g(a)(2).

Section 1681g(a)(1) has not been interpreted to require disclosure of the sources from which a defendant-agency obtained its information. The Act defines "file" in this context to mean "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how information is stored." 15 U.S.C. § 1681a(g). And the Third Circuit interpreted this language to mean "all information furnished or that might be furnished in a consumer report," but not "internal record-keeping mechanism[s]." Cortez, 617 F.3d 711–12 (citing Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007)). Thus, Defendant cannot be found liable for a violation of Section 1681g(a)(1) for not disclosing its sources when Plaintiff requested the contents of his consumer *file*.

Section 1681g(a)(2), however, specifically requires the transmittal of an agency's sources upon request therefor. But Plaintiff fails to allege that he ever requested the sources used to create his background report. Indeed, nothing in the record suggests that Plaintiff made a request for anything beyond that which was contained in his consumer file, which, as described above,

7

fails to impose a responsibility on Defendant to provide its sources. Buoying this Court's reading of the allegations purportedly in support of Plaintiff's Section 1681g(a) claims is the language of the letter Defendant sent Plainitff's counsel following Plaintiff's formal challenge to the contents of his background report.[2] In said letter, Defendant explicitly stated that it would "*[u]pon request*" provide the name and address of "any furnisher of information contacted in connection with" the compilation of Plaintiff's background report. (ECF No. 21, ex. 1) (emphasis added.) Plaintiff fails to allege that he ever explicitly requested Defendant's sources, even after this express commitment by Defendant to furnish said sources upon request. From the facts presently before the Court, there is no basis upon which to find Defendant liable for any violation as it relates to Section 1681g(a) of the FCRA. Defendant's Motion is therefore granted as it relates to Count II of the Amended Complaint in its entirety.

## **CONCLUSION**

For all the foregoing, Defendant's Motion is granted in part and denied in part as outlined above. Plaintiff is granted leave to amend Counts I and II within fourteen days,

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II

C. Darnell Jones, II     J.

---

[2] Generally, a district court deciding a Motion to Dismiss may not consider matters or documents extraneous to the pleadings. In re Burlington Coat Factory Sec. Litig., 114 F. 3d 1410, 1426 (3d Cir. 1997). Where the court considers such extrinsic documents, the Motion to Dismiss "must be converted to a [M]otion for [S]ummary [J]udgment under Rule 56 and the court must give all parties a reasonable opportunity to present pertinent evidence." Borough of Moosic v. Darwin Nat'l Assur. Co., 556 Fed. Appx. 92, 95 (3d Cir. 2014); FED. R. CIV. P. 12(d). But, an exception exists. A "document integral to or explicitly relied upon in the complaint" can be considered by a court ruling on a Motion to Dismiss without converting the Motion to Dismiss into a Rule 56 Motion for Summary Judgement. In re Burlington Coat Factory, 114 F.3d at 1426. Here, Plaintiff specifically references and relies upon this letter – attached to Defendant's Motion – in the Amended Complaint. (ECF No. 18, ¶ 41.) It is thus proper for the Court to consider the letter in determining the adequacy of Plaintiff's pleadings.